**ROBERT L. SWAIN**
Attorney at Law
California State Bar No. 144163
964 Fifth Avenue, Suite 214
San Diego, California  92101
Telephone:  (619) 544-1494
Facsimile: (619) 544-1473
E-mail: rls11@aol.com

Attorney for Defendant **Macedo-De la Cruz**

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### (HON. THOMAS J. WHELAN)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 07-CR-3210 |
| Plaintiff, | Date: January 28, 2008 |
| v. | Time: 2:00 p.m. |
| **JOSE MACEDO-DE LA CRUZ,** | **STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS** |
| Defendant. | |

### I.

### STATEMENT OF FACTS

The statement of facts and the facts discussed in the memorandum of points and authorities, are strictly for the purposes of these motions and are not to be considered admissions by the defendant, Mr. Macedo-De La Cruz.  Mr. Macedo-De La Cruz reserves the right to contradict, explain, amplify, or otherwise discuss any of the facts mentioned here at a pre-trial motion hearing or trial.

Mr. Macedo-De La Cruz was arrested by Border Patrol agents on November 5, 2007, near the international border in the Otay Mesa area. Mr. Macedo-De La Cruz was processed for release to Mexico, but at some point the determination was made to charge him criminally with deported alien found in the United States.

Mr. Macedo-De La Cruz  was subsequently indicted for one count of deported alien found in United States in violation of 8 U.S.C. section 1326. He is currently in custody.

Although some discovery has been received to date, the defense had not yet received a copy of the "A" file, a tape of the deportation hearing, nor all the deportation documents.

## II.

## MOTION TO COMPEL FURTHER DISCOVERY

Mr. Macedo-De La Cruz requests the following discovery pursuant to Fed. R. Crim. P. 12(b)(4) and 16:

(1) all written and oral statements made by Mr. Macedo-De La Cruz. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of Mr. Macedo-De La Cruz are contained. It also includes the substance of any oral statements which the government intends to introduce at trial. These are all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and (B) and Brady v. Maryland, 373 U.S. 83 (1963). Mr. Macedo-De La Cruz also requests any response to any Miranda warnings which may have been given to him. See United States v. McElroy, 697 F.2d 459 (2d Cir. 1982);

(2) all documents, statements, agents' reports, and tangible evidence favorable to Mr. Macedo-De La Cruz on the issue of **guilt or punishment** and/or which affects the credibility of the government's case. This evidence must be produced pursuant to Brady v. Maryland, 373 U.S. 83, 87 (1963), and United States v. Agurs, 427 U.S. 97 (1976);

(3) all evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any prior arrests and convictions or prior bad acts. Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(D). Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. Mr. Macedo-De La Cruz specifically requests reasonable notice pursuant to Fed. R. Evid 404(b) of at least four weeks prior to trial, of any evidence the government intends to introduce at trial under this rule;

(4) all evidence seized as a result of any search, either warrantless or with a warrant, in this case. He also specifically requests copies of all photographs, videotapes or recordings

1 | made in this case. This is available under Fed. R. Crim. P. 16(a)(1)(E);

2 |      (5) all arrest reports, investigator's notes, memos from arresting officers, sworn
3 | statements and prosecution reports pertaining to Mr. Macedo-De La Cruz, including notes
4 | taken by the immigration officers. These are available under Fed. R. Crim. P. 16(a)(1)(B)
5 | and (E), Fed. R. Crim. P. 26.2 and 12(I), and includes a request for his A-file;

6 |      (6) the personnel file of the interviewing agent(s) containing any complaints of
7 | assaults, abuse of discretion and authority and/or false arrest. Pitchess v. Superior Court, 11
8 | Cal. 3d. 531, 539 (1974). In addition, the defense requests that the prosecutor examine the
9 | personnel files of all testifying agents, and turn over Brady and Giglio material reasonably in
10 | advance of trial. United States v. Henthorn, 931 F.2d 29, 30-31(9th Cir. 1991). If the
11 | prosecutor is unsure as to whether the files contain Brady or Giglio material, the files should
12 | be submitted to the Court, in camera. Id. The prosecution should bear in mind that there
13 | exists an affirmative duty on the part of the government to examine the files. Id.

14 |      (7) any and all statements made by any other uncharged co-conspirators. The defense
15 | is entitled to this evidence because it is material to preparation for the defendant's case and
16 | potentially Brady material. Also, insofar as such statements may be introduced as
17 | co-conspirator statements, they are discoverable. Fed. R. Crim. 16(a)(1)(A) and Brady. This
18 | evidence must be produced pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and United
19 | States v. Agurs, 427 U.S. 97 (1976);

20 |      (8) Mr. Macedo-De La Cruz requests copies of any and all audio/video tape
21 | recordings made by the agents in this case and any and all transcripts, including taped
22 | recordings of any conversations of any of the agents involved in this case. This evidence is
23 | available under Fed. R. Crim. P. 16(a)(1)(E);

24 |      (9) Mr. Macedo-De La Cruz specifically requests the name and last known address of
25 | each prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir.
26 | 1987); United States v. Tucker, 716 F.2d 583 (9th Cir. 1983) (failure to interview
27 | government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181
28 | (9th Cir. 1979) (defense has equal right to talk to witnesses).

1      (10) all other documents and tangible objects, including photographs, books, papers,
2 documents, photographs, or building or places or copies of portions thereof which are
3 material to Mr. Macedo-De La Cruz's defense or intended for use in the government's
4 case-in-chief or were obtained from or belong to Mr. Macedo-De La Cruz. Rule 16(a)(1)(E);
5 Mr. Macedo-De La Cruz requests the opportunity to inspect, copy, and photograph all
6 documents and tangible objects which are material to the defense or intended for use in the
7 government's case-in-chief or were obtained from or belong to him. <u>See</u> Fed. R. Crim. P.
8 16(a)(1)(E)

9      (11) all results or reports of scientific tests or experiments, or copies of which are
10 within the possession, control, or custody of the government or which are known or become
11 known to the attorney for the government, that are material to the preparation of the defense,
12 including the opinions, analysis and conclusions of experts consulted by law enforcement
13 including finger print specialists in the instant case.  These must be disclosed, once a request
14 is made, even though obtained by the government later, pursuant to Fed.R.Crim.Pro.
15 16(a)(1)(F). Moreover, the government is specifically requested to provide a written
16 summary of any testimony the government intends to use under Federal Rules of Evidence
17 702, 703, and 705, pursuant to  Fed.R.Crim.Pro. 16(a)(1)(G).

18      (12)  any express or <u>implicit</u> promise, understanding, offer of immunity, of past,
19 present, or future compensation, agreement to execute a voluntary return rather than
20 deportation or any other kind of agreement or understanding between <u>any</u> prospective
21 government witness and the government (federal, state and local), including any implicit
22 understanding relating to criminal or civil income tax liability.  <u>United States v. Shaffer</u>, 789
23 F.2d 682 (9th Cir. 1986); <u>United States v. Risken</u>, 788 F. 2d 1361 (8th Cir. 1986); <u>United
24 States v. Luc Levasseur</u>, 826 F.2d 158 (1st Cir. 1987);

25      (13) any discussion with a potential witness about or <u>advice</u> concerning any
26 contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the
27 advice not followed.  <u>Brown v. Duggen</u>, 831 F.2d 1546, 1558 (11th Cir. 1986) (evidence that
28 witness sought plea bargain is to be disclosed, even if no deal struck); <u>Haber v. Wainwright</u>,

1 | 756 F.2d 1520, 1524 (11th Cir. 1985);

2 | (14) any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction. See Rule 608(b), Federal Rules of Evidence and Brady;

(15) any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir.), cert. denied, 474 U.S. 945 (1985); and,

(16) any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir. July 11, 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980);

(17) the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. United States v. Cadet, 727 F.2d 1469 (9th Cir. 1984);

(18) Mr. Macedo-De La Cruz requests a transcript of the grand jury testimony and rough notes of all witnesses expected to testify at the motion hearing or at trial. This evidence is discoverable under Fed. R. Crim. P. 12(I) and 26 and will be requested.

(19) Jencks Act Material. The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch tapes. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963). In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act. The defense requests pre-trial production of Jencks material to expedite cross-examination and to avoid lengthy recesses during the pre-trial motions hearings or trial.

## III.

## **REQUEST FOR LEAVE TO FILE FURTHER MOTIONS**

Mr. Macedo-De La Cruz has received some discovery from the government and anticipates that more will be provided and needs more time to review discovery. Mr. Macedo-De La Cruz therefore requests that he be allowed time to file additional motions as may become necessary and as discovery is disclosed.

## IV.

## **CONCLUSION**

For the foregoing reasons, it is respectfully requested that the court grant the above motions.

Respectfully submitted,

Dated: December 14, 2007

/s/   Robert L. Swain
**ROBERT L. SWAIN**
Attorney for Defendant **Macedo-De La Cruz**