KAREN P. HEWITT
United States Attorney
REBECCA S. KANTER
Assistant U.S. Attorney
California State Bar No. 230257
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Phone: (619) 557-6747
Fax: (619) 235-2757
E-mail: rebecca.kanter@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 07CR3210-W |
| Plaintiff, | **RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS:** |
| v. | **(1) TO COMPEL DISCOVERY** |
| JOSE MACEDO-DE LA CRUZ, | **(2) TO FILE FURTHER MOTIONS** |
| Defendant. | Date:  January 28, 2007<br>Time:  2:00 p.m.<br>Court: The Hon. Thomas Whelan |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, United States Attorney, Karen P. Hewitt, and Assistant U.S. Attorney Rebecca S. Kanter, and hereby files its Response and Opposition to Defendant's Motions to Compel Discovery and File Further Motions. This Response and Opposition is based upon the files and records of this case, together with the attached Statement of Facts, Memorandum of Points and Authorities, as well as the Government's Motion for Reciprocal Discovery.

//

/ /

/ /

Criminal Case No. 07CR3210-W

**I**

**STATEMENT OF FACTS**

**A.     Defendant's Arrest**

On November 5, 2007, Senior Border Patrol Agent Ladislao Ramirez encountered three individuals attempting to conceal themselves in the brush near an area known as "CoPart." "CoPart" is located approximately one mile east of the Otay Mesa Port of Entry and one mile north of the United States/Mexico international border. One of those individuals was later identified as Jose Macedo-De La Cruz ("Defendant.")

All subjects admitted to being citizens of Mexico with no documents permitted them to enter or remain in the United States legally. At approximately 1:30 a.m. all three subjects were taken into custody and transported to the Chula Vista processing center.

**B.     Defendant's Post-Miranda Confession**

On November 5, 2007, at approximately 11:27 a.m., Border Patrol Agent Bernardino Soto advised Defendant of his Miranda rights. Defendant elected to waive his rights and speak to agents without an attorney present. Defendant stated that he is a citizen and national of Mexico. He stated that he was present in the United States with no documents allowing him to enter or remain in the United States legally. He stated that he was previously deported and removed through Laredo, Texas. He stated that he crossed illegally by walking through the hills near Otay Mesa. Defendant admitted that he knew it was against the law to enter the United States in such a manner. He also admitted that he served time in state custody for a drug offense.

**C.     Defendant's Criminal and Immigration History**

Defendant has a prior felony conviction in Cullman County, Alabama in March, 2004, for "Trafficking in Methamphetamine" in violation of Alabama Code Section 13A-12-231, for which he received a custodial sentence of 18 months. Defendant also sustained a misdemeanor conviction in August, 2007, in the San Diego Superior Court for Using/Under Influence of Controlled Substance in violation of California Heath & Safety Code Section 11550(a). Defendant was deported in October, 2003, and again in October, 2007.

**II**

**DEFENDANT'S MOTIONS TO COMPEL DISCOVERY**

On November 19, 2007, the Government provided Defendant with 38 pages of discovery including the complaint and statement of facts, reports from the Border Patrol officers, and criminal history information. On December 28, 2007, the Government produced an additional 68 pages of discovery from Defendant's A-file to Defendant, which Defendant picked up on January 16, 2008. The government has additional documentation regarding one of Defendant's prior convictions which will be sent to Defendant in discovery.

**(1)     Defendant's Statements**

The Government recognizes its obligation, under Rules 16(a)(1)(A) and 16(a)(1)(B), to provide to Defendant the substance of Defendant's oral statements and written statements. (Unless otherwise noted, all references to "Rules" refers to the Federal Rules of Criminal Procedure.) The Government has produced all of the Defendant's statements that are known to the undersigned Assistant U.S. Attorney at this date. If the Government discovers additional oral or written statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will be promptly provided.

However, the Government objects to providing Defendant with a copy of the rough notes at this time. The Government is not required to produce the notes pursuant to the Jencks Act because the notes do not constitute "statements" (as defined 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim narrative of a witness' assertion, and (2) have been approved or adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). The notes are not Brady material because, as discussed further, the notes do not present any material exculpatory information or any evidence favorable to Defendant that is material to guilt or punishment. If, during a future evidentiary hearing, certain rough notes become particularly relevant, the notes in question will be made available to Defendant.

**(2)     Brady Material**

The Government has and will continue to perform its duty under Brady v. Maryland, 373 U.S. 83 (1963) to disclose material exculpatory information or evidence favorable to Defendant when such evidence is material to guilt or punishment. The Government recognizes that its obligation under Brady covers not only exculpatory evidence, but also evidence that could be used to impeach witnesses who

1 testify on behalf of the United States. See Giglio v. United States, 405 U.S. 150, 154 (1972); United States v. Bagley, 473 U.S. 667, 676-77 (1985). This obligation also extends to evidence that was not requested by the defense. Bagley, 473 U.S. at 682; United States v. Agurs, 427 U.S. 97, 107-10 (1976). "Evidence is material, and must be disclosed (pursuant to Brady), 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" Carriger v. Stewart, 132 F.3d 463, 479 (9th Cir. 1997) (en banc). The final determination of materiality is based on the "suppressed evidence considered collectively, not item by item." Kyles v. Whitley, 514 U.S. 419, 436-37 (1995).

Brady does not, however, mandate that the Government open all of its files for discovery. See United States v. Henke, 222 F.3d 633, 642-44 (9th Cir. 2000) (per curiam). Under Brady, the United States is not required to provide: (1) neutral, irrelevant, speculative, or inculpatory evidence (see United States v. Smith, 282 F.3d 758, 770 (9th Cir. 2002)); (2) evidence available to the defendant from other sources (see United States v. Bracy, 67 F.3d 1421, 1428-29 (9th Cir. 1995)); (3) evidence that the defendant already possesses (see United States v. Mikaelian, 168 F.3d 380-389-90 (9th Cir. 1999) amended by 180 F.3d 1091 (9th Cir. 1999)); or (4) evidence that the undersigned Assistant U.S. Attorney could not reasonably be imputed to have knowledge or control over. See United States v. Hanson, 262 F.3d 1217, 1234-35 (11th Cir. 2001). Brady does not require the Government "to create exculpatory evidence that does not exist," United States v. Sukumolahan, 610 F.2d 685, 687 (9th Cir. 1980), but only requires that it "supply a defendant with exculpatory information of which it is aware." United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976).

**(3)    Defendant's Prior Record and Prior Bad Acts**

The Government has provided Defendant with a copy of his known prior criminal record and, consequently, has fulfilled its duty of discovery under Rule 16(a)(1)(D). See United States v. Audelo-Sanchez, 923 F.2d 129 (9th Cir. 1990). The Government is attempting to obtain a transcript of the guilty plea proceeding from the Cullman County Circuit Court in Alabama, if such a transcript exists. If the Government does obtain a transcript or any other additional documentation pertaining to Defendant's prior conviction, the Government will provide those to Defendant.

The Government will disclose in advance of trial the general nature of any "other bad acts"

evidence that the United States intends to introduce at trial pursuant to Fed. R. Evid. 404(b). Evidence should not be treated as "other bad acts" evidence under Fed. R. Evid. 404(b) when the evidence concerning the other bad acts and the evidence concerning the crime charged are "inextricably intertwined." United States v. Soliman, 812 F.2d 277, 279 (9th Cir. 1987).

**(4)     Evidence Seized**

The Government has complied and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all evidence seized that is within its possession, custody, or control, and that is either material to the preparation of Defendant's defense, or is intended for use by the Government as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant.

**(5)     Arrest Reports, Notes, and A-File**

The Government has provided Defendant with all known reports related to Defendant's arrest in this case as well as a complete copy of all non-privileged information in Defendant's A-file. The Government will continue to comply with its obligation to provide to Defendant all reports subject to Rule 16(a)(1)(A) and (B).[1] The Government has no objection to the preservation of the agents' handwritten notes. See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents must preserve their original notes of interviews of an accused or prospective government witnesses). However, as explained above, the Government objects to providing Defendant with a copy of the rough notes at this time. The Government is not required to produce the notes pursuant to the Jencks Act because the notes do not constitute "statements" (as defined 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim narrative of a witness' assertion, and (2) have been approved or adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). The notes are not Brady material because, as discussed further, the notes do not present any material exculpatory information or any evidence favorable to Defendant that is material to guilt or punishment. If, during a future evidentiary hearing, certain rough notes become particularly relevant, the notes in question will

---

[1]     Defendant requests arrest reports and sworn statements pursuant to Rule 16(a)(1)(B) & (C). Rule 16(a)(1)(C) pertains to organizational defendants, which, the Government's knowledge, Mr. Lugos-Cisneros is not. The Government, therefore, interprets this as a request pursuant to Rule 16(a)(1)(A) and (B).

be made available to Defendant.

**(6)    Personnel File of Interviewing Agent(s) and Government Examination of Law Enforcement Personnel Files**

The Government objects to Defendant's request that the Government reveal all complaints concerning the interviewing agents regardless of whether the complaints or inquiries are baseless or material and regardless of whether the Government intends to call inspectors, officers, and agents to testify. The Government will comply with United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), and request that all federal agencies involved in the criminal investigation and prosecution review the personnel files of the federal law enforcement inspectors, officers, and special agents whom the Government intends to call at trial and disclose information favorable to the defense that meets the appropriate standard of materiality. United States v. Booth, 309 F.3d 566, 574 (9th Cir. 2002) (citing United States v. Jennings, 960 F.2d 1488, 1489 (9th Cir. 1992). If the undersigned Assistant U.S. Attorney is uncertain whether certain incriminating information in the personnel files is "material," the information will be submitted to the Court for an in camera inspection and review.

**(7)    Co-Conspirator Statements**

At this time, the Government is not aware of any co-conspirators, charged or uncharged. Nonetheless, as indicated above, the Government has and will continue to perform its duty under Brady v. Maryland, 373 U.S. 83 (1963) to disclose material exculpatory information or evidence favorable to Defendant when such evidence is material to guilt or punishment.

**(8)    Recordings**

As discussed above, the Government has provided Defendant with a copy of Defendant's recorded statement in this case. The Government is not aware of any other recordings made by the agents in this case. If the assigned AUSA becomes aware of any such recordings, copies will be made available to Defendant.

**(9)    Witness Addresses**

The Government has already provided Defendant with reports which contain the names and telephone numbers of the inspectors, officers and special agents involved in arresting and interviewing Defendant. In its trial memorandum, the Government will provide Defendant with a list of all witnesses

whom it intends to call in its case-in-chief, although delivery of such a witness list is not required. See United States v. Discher, 960 F.2d 870 (9th Cir. 1992); United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987). The Government strenuously objects to providing the home addresses to Defendant. In non-capital cases, the Government is not even required to disclose the names of its witnesses prior to trial. United States v. Dishner, 974 F.2d 1502, 1522 (9th Cir 1992); (citing United States v. Steel, 759 F.2d 706, 709 (9th Cir. 1985)); United States v. Hicks, 103 F.23d 837, 841 (9th Cir. 1996); see also United States v. Bejasa, 904 F.2d 137 (2d Cir. 1990) (holding that United States did not improperly deny defendant access to government witnesses whose telephone numbers and addresses the government refused to provide because defendant knew the identities of the government witnesses and presumably knew their telephone numbers or could have contacted them through the exercise of due diligence).

**(10)  Tangible Objects**

The Government has complied and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy documents and tangible objects that are within its possession, custody, or control, and that is either material to the preparation of Defendant's defense, or is intended for use by the Government as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant. The Government need not, however, produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

**(11)  Report of Scientific Tests or Examinations**

At this time, the Government is not aware of any scientific tests that have been performed in connection with this case. The Government will provide Defendant with the results of any scientific tests or examinations in accordance with Rule 16(a)(1)(F) if any such tests are conducted.

**(12) & (13)  Giglio Information**

An agreement that the Government makes with a witness for testimony in exchange for money or in exchange for favorable treatment in the criminal justice system is generally subject to disclosure as impeachment evidence under Brady and Giglio. See United States v. Kojayan, 8 F.3d 1315, 1322-23 (9th Cir. 1993); Benn v. Lambert, 238 F.3d 1040, 1054-60 (9th Cir. 2002). The Government is not aware of any Giglio information related to this case. If the Government discovers the existence of

Giglio information, the information will be provided to the Defendant.

**(14) & (15)     Evidence of Criminal Investigation of Any Government Witness**

Defendant is not entitled to any evidence that a prospective witness is under criminal investigation by federal, state, or local authorities. The Government is under no obligation to turn over the criminal records or rap sheet of its potential witnesses. United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976). The Government will, however, provide the conviction record, if any, which could be used to impeach witnesses the United States intends to call in its case-in-chief.

**(16)     Evidence Affecting Perception, Recollection, Ability to Communicate, or Veracity**

The Government recognizes its obligation under Brady and Giglio to provide material evidence that could be used to impeach Government witnesses including material information related to perception, recollection, ability to communicate, or truth telling. The Government strenuously objects to providing any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic because such information is not discoverable under Rule 16, Brady, Giglio, Henthorn, or any other Constitutional or statutory disclosure provision.

**(17)     Other Witnesses**

As described above, all potential witnesses in this case have been named in the reports produced to Defendant. The Government is not aware of any other witnesses to the crime who will not be called as witnesses at trial.

**(18) & (19)     Jencks Act Material**

Rule 26.2 incorporates the Jencks Act, 18 U.S.C. §3500, into the Federal Rules of Criminal Procedure. The Jencks Act requires that, after a Government witness has testified on direct examination, the Government must give the Defendant any "statement" (as defined by the Jencks Act) in the Government's possession that was made by the witness relating to the subject matter to which the witness testified. 18 U.S.C. §3500(b). For purposes of the Jencks Act, a "statement" is (1) a written statement made by the witness and signed or otherwise adopted or approved by her, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. §3500(e).   If notes are read back to a witness to see whether or not the government agent correctly understood what the witness was saying, that act

constitutes "adoption by the witness" for purposes of the Jencks Act. United States v. Boshell, 952 F.2d 1101, 1105 (9th Cir. 1991) (citing Goldberg v. United States, 425 U.S. 94, 98 (1976)).  There is no applicable Jencks material at this time.  If the case proceeds to trial, the Government will produce any materials covered by the Jencks Act relevant to the testifying witness(es).

## III

## DEFENDANT'S MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

The Government does not object to the granting of leave to file further motions as long as the further motions are based on newly discovered evidence or discovery provided by the Government subsequent to the instant motion at issue.

## IV

## GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY

**A.     All Evidence That Defendant Intends To Introduce In His Case-In-Chief**

Since the Government will honor Defendant's request for disclosure under Rule 16(a)(1)(E), the Government is entitled to reciprocal discovery under Rule 16(b)(1).  Pursuant to Rule 16(b)(1), the Government requests that Defendant permit the Government to inspect, copy and photograph any and all books, papers, documents, photographs, tangible objects, or make copies or portions thereof, which are within the possession, custody, or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession and control of Defendant, which he intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendant intends to call as a witness.  The Government also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the Government receives the reciprocal discovery to which it is entitled.

**B.     Reciprocal Jencks – Statements By Defense Witnesses (Other Than Defendant)**

Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires

1 production of the prior statements of all witnesses, except a statement made by Defendant. The time
2 frame established by Rule 26.2 requires the statements to be provided to the Government after the
3 witness has testified. However, to expedite trial proceedings, the Government hereby requests that
4 Defendant be ordered to provide all prior statements of defense witnesses by a reasonable date before
5 trial to be set by the Court. Such an order should include any form in which these statements are
6 memorialized, including but not limited to, tape recordings, handwritten or typed notes and reports.

## V
## CONCLUSION

For the foregoing reasons, the Government requests that the Court deny Defendant's motions, except where unopposed, and grant the Government's motion for reciprocal discovery.

DATED: January 24, 2007

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/***Rebecca Kanter***
REBECCA S. KANTER
Assistant United States Attorney
Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 07CR3210-W |
| | ) | |
| Plaintiff, | ) | |
| | ) | CERTIFICATE OF SERVICE |
| v. | ) | |
| | ) | |
| JOSE MACEDO-DE LA CRUZ, | ) | |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, REBECCA S. KANTER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **RESPONSE AND OPPOSITION** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Robert Swain

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 24, 2007.

/s/ ***Rebecca Kanter***
REBECCA S. KANTER