**ROBERT L. SWAIN**
Attorney at Law
California State Bar No. 144163
964 Fifth Avenue, Suite 214
San Diego, California  92101
Telephone: (619) 544-1494
Facsimile: (619) 544-1473

Attorney for Defendant **Macedo-de la Cruz**

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### (HON. THOMAS J. WHELAN)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 07-CR-3210 |
| Plaintiff, | Date: March 3, 2008 |
| | Time: 2:00 p.m. |
| v. | |
| | **STATEMENT OF FACTS AND POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION** |
| **JOSE MACEDO-DE LA CRUZ,** | |
| Defendant. | |

### I.

### STATEMENT OF FACTS

The statement of facts and the facts discussed in the memorandum of points and authorities, are strictly for the purposes of these motions and are not to be considered admissions by the defendant, Mr. Macedo-De La Cruz.  Mr. Macedo-De La Cruz reserves the right to contradict, explain, amplify, or otherwise discuss any of the facts mentioned here at a

pre-trial motion hearing or trial.

      Mr. Macedo-De La Cruz was arrested by Border Patrol agents on November 5, 2007, near the international border in the Otay Mesa area. Mr. Macedo-De La Cruz was processed for release to Mexico, but at some point the determination was made to charge him criminally with deported alien found in the United States.

      Mr. Macedo-De La Cruz was subsequently indicted for one count of deported alien found in United States in violation of 8 U.S.C. section 1326. He is currently in custody.

      Mr. Macedo-De La Cruz was never formally deported before an immigration judge, but rather removed under an expedited removal procedure based on the mistaken belief that he had a conviction for an aggravated felony. According to information provided by the government, in October, 2003, a Deputy Field Officer Director in Atlanta, Georgia ordered Mr. Macedo-De La Cruz removed from the United States. **(Exhibit A.)** The charging document set forth that Mr. Macedo-De La Cruz was subject to this expedited administrative procedure because of an alleged aggravated felony conviction under 8 U.S.C. §1101(a)(43)(b) - drug trafficking, to wit a conviction on March 4, 2003, in violation of section 13A-012-231(11) of the Alabama Criminal Code. **(Exhibit B).**

      In fact, the Alabama conviction is for a code section similar to the California Health and Safety Code sections that have been repeatedly held not to categorically be aggravated felonies in that the statute prohibits conduct that is not necessarily drug trafficking. In the Alabama law at issue, the count of conviction specifically includes simple possession of a controlled substance. **(Exhibit C)**. Moreover, in the factual basis taken by the court at the

2

time of the guilty plea, the defendant specifically pled to simple possession. **(Exhibit D)**. Therefore, the defendant has not been convicted of an aggravated felony, and was not lawfully subjected to the expedited removal procedure, which is only allowed for aliens convicted of aggravated felonies. Moreover, Mr. Macedo-De La Cruz was not even deportable for the only basis charged- that of being an aggravated felon.

## II.

## SUMMARY OF ARGUMENT.

Mr. Macedo-De La Cruz was expeditiously removed from the United States, and denied a full and complete hearing before an immigration judge ("IJ"), because an immigration official mistakenly concluded that Mr. Macedo-De La Cruz had previously been convicted of an aggravated felony. The Immigration Service failed to recognize that the alleged prior aggravated felony was in fact not such an offense in substantiating the ground of removal and utilizing the expedited removal procedure because the offense was that of simple possession. This fundamental error violated Mr. Macedo-De La Cruz's due process rights because he was not removable under the only charge alleged against him. As such, the government may not rely on Mr. Macedo-De La Cruz's 2003 removal in prosecuting him under 8 U.S.C. § 1326. As there is no other removal the government may rely on in prosecuting him, Mr. Macedo-De La Cruz moves this Court for an order dismissing the Indictment.

# III.

## THE GOVERNMENT MAY NOT RELY ON THE EXPEDITED REMOVAL TO ESTABLISH AN ELEMENT OF THE OFFENSE BECAUSE THE PROCEEDING WAS FUNDAMENTALLY UNFAIR

The due process clause of the Fifth Amendment allows a defendant charged with illegal reentry under 8 U.S.C. § 1326 to collaterally attack his removal order. United States v. Ubaldo-Figueroa, 364 F.3d 1042, 1047-48 (9th Cir.2004). To sustain a collateral attack, a defendant must show: (1) he exhausted the administrative remedies available to appeal the removal order; (2) the removal proceeding improperly deprived him of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair. Id. at 1048; 8 U.S.C. § 1326(d). A deportation proceeding is "fundamentally unfair" if procedural defects in the deportation proceeding caused the alien to suffer prejudice. Id.; United States v. Pallares-Galan, 359 F.3d 1088, 1103 (9th Cir. 2004). The government bears the burden to prove that the deportation is lawful. United States v. Lopez-Vasquez, 1 F.3d 751, 754 (9th Cir. 1993).

The assistant erred in determining that Mr. Macedo-De la Cruz had previously suffered a conviction for an aggravated felony, subjecting him to an expedited removal. The expedited removal of aliens who have been convicted of aggravated felonies is codified in 8 U.S.C. § 1228. Section 1228 requires the proceedings to be conducted in accordance with 8 U.S.C. § 1229a.

Here, the Immigration agents made a fundamental legal error in even subjecting the defendant to an expedited removal in that Mr. Macedo de la Cruz was never convicted of an

4

aggravated felony, and was neither subject to expedited removal, nor deportable on the single charge alleged. Moreover, the documents in the A-file are in English, and although Mr. Macedo de La Cruz only speaks Spanish, he was not provided the documents in a language that he could understand.

Mr. Macedo de La Cruz's due process rights were violated. The INS did not properly find that Mr. Macedo de La Cruz had previously been convicted of an aggravated felony, and thus Mr. Macedo de La Cruz was not properly subject to the expedited removal provisions of section 1228. In subjecting Mr. Macedo de La Cruz to an expedited removal under section 1228 without competent evidence, the INS failed to comply the strict requirements of section 1229a. The INS's failure to comply with a regulation constitutes a violation of due process. See Piccirillo v. INS, 512 F.2d 1289 (9th Cir. 1975); Getachew v. INS, 25 F.3d 841, 845 (9th Cir.1994); Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206, 212 (1953). Therefore, Mr. Macedo de La Cruz's due process rights were violated because the DHS failed to comply with the requirements of section 1228 and 1229a.

These errors prejudiced Mr. Macedo de la Cruz, making the entry of the deportation order fundamentally unfair. Moreover, the errors excuse Mr. Macedo de la Cruz from the exhaustion requirement of § 1326(d)(1), and they deprived him of meaningful judicial review. Therefore, Mr. Macedo de la Cruz can successfully sustain a collateral attack and the government may not rely on the order of deportation to establish an element of the offense.

**A.  The Errors Denied Mr. Macedo de la Cruz Due Process.**

Prior to the expedited removal, Mr. Macedo de la Cruz was served with a Notice of Intent [in English only] (Exhibit B) which made the factual allegation that he had been

5

convicted of section 13A-012-231(11) of the Alabama Criminal Code, and charged Mr. Macedo de la Cruz with being subject to deportation on the sole basis of having an aggravated felony under 8 U.S.C. §1101(a)(43). However, the evidence clearly shows that Mr. Macedo de la Cruz was convicted under the portion of the statute that proscribes simple possession; and Mr. Macedo de la Cruz's due process rights were violated when he was found deportable on a basis that is erroneous on its face.

"The Fifth Amendment guarantees due process in deportation proceedings." Colmenar v. INS, 210 F.3d 967, 971 (9th Cir.2000). Due process is required because

> the liberty of an individual is at stake . . . . We are dealing here with procedural requirements prescribed for the protection of the alien. Though deportation is not technically a criminal proceeding, it visits a great hardship on the individual and deprives him of the right to stay and live and work in this land of freedom. That deportation is a penalty – at times a most serious one – cannot be doubted. Meticulous care must be exercised lest the procedure by which he is deprived of that liberty not meet the essential standards of fairness.

Bridges v. Wixon, 326 U.S. 135, 154 (1945). Proper notice is, of course, a fundamental element of due process. See, e.g., Groppi v. Leslie, 404 U.S. 496 (1972); In re Gustafson, 619 F.2d 1354 (9th Cir. 1980). At the time of Mr. Macedo de la Cruz' deportation hearing, 8 U.S.C. § 1229 required that an individual placed into removal proceedings be given proper notice of his rights and the charges against him. See 8 U.S.C. § 1229. In the past, an individual placed into removal proceedings must have been given "notice, reasonable under all the circumstances." See, e.g., former 8 U.S.C. § 1252(b).

The Ninth Circuit has literally construed the due process protections due to an alien during an immigration hearing:

6

> The IJ must ascertain that the alien has received a written notice of his appeal rights. Most importantly, the IJ must "read the factual allegations and the charges in the order to show cause to the [alien] and explain them in nontechnical language." 8 C.F.R. § 242.16(a). These procedures once again give the alien notice of the nature of the charges against him and guard the alien's privilege of representation. See 8 U.S.C. § 1252(b)(1), (2).

El Rescate Legal Services, Inc. v. Executive Office of Immigration Review, 959 F.2d 742, 749 (9th Cir. 1991). According to that same panel, "These procedures [at § 1252(b)] also provide the primary means by which the Attorney General ensures that the alien can exercise the reasonable opportunities afforded by 8 U.S.C. § 1252(b)(3)." Id. at 749; see also United States v. Leon-Leon, 35 F.3d 1428, 1431 (9th Cir. 1994) (holding that immigration judge's failure to provide translation of removal proceeding prevented alien from exercising reasonable opportunities to show why he should not be deported and violated due process). Unless the statutory requisites for such hearings have been satisfied, an alien has not received the due process protection to which he is entitled. See Hirsch v. INS, 308 F.2d 562, 566-67 (9th Cir. 1962).

It was the burden of the INS to find Mr. Macedo de la Cruz deportable on the basis of the charge alleged and to advise him of his rights in his language. Instead, Mr. Macedo de la Cruz was summarily and mistakenly determined to have an aggravated felony conviction, and erroneously subjected to the administrative expedited removal procedure. This was a clear violation of due process.

**B.     The government misapplied Taylor in order to find that Mr. Macedo de la Cruz had committed an aggravated felony, and the evidence allowed in a Taylor analysis not only lacked in showing that Mr. Macedo de la Cruz had committed a drug trafficking offense, but affirmatively show that he pled to simple possession.**

The charging document alleged that Mr. Macedo de la Cruz was deportable for a drug trafficking offense. However, the conviction documents not only fail to show such a conviction, but rather actually establish the conviction was for simple possession under section 13A-012-231(11) of the Alabama Criminal Code. The code section alleges that "Jose Macedo whose name is otherwise unknown to the Grand Jury, did, while in Cullman County, Alabama, knowingly sell, manufacture, deliver or bring into this State, or was knowingly in actual or constructive possession of 28 grams or more of methamphetamine or any mixture containing methamphetamine" (Exhibit C). As is plain on its face, the Alabama law is broader than federal law, so there is an issue of how to determine whether the offense was actually an aggravated drug trafficking offense.[1] In the plea colloquy itself, the defendant was questioned as follows:

>   The court: Were you a resident of Cullman County on or about April 3, 2002 residing at 429 Cleveland Avenue?
>
>   (Ms. Blevins interprets for the Defendant)
>
>   Ms. Blevins: Yes.

---

[1] Alabama law is clear that the code section is violated by simple possession. See, Rainey v. State, 575 So.2d 608 (Ala. Crim. App. 1990), Molina v. State, 533 So.2d 701 (Ala. Crim. App. 1988), Insley v. State, 591 So.2d 589 (Ala. Crim. App. 1991).

8

The court: And at that time did the Cullman County sheriff's office come to arrest you on some outstanding failures to appeal on traffic tickets that had been issued to someone using the name Jose Macedo?

(Ms. Blevins interprets for the Defendant.)

The defendant: Si.

Ms. Blevins: That's correct.

The court: And while at that residence and after they placed you under arrest, did they talk to Sherri Nava and she gave them permission to search the residence occupied by you and her?

(Ms. Blevins interprets for the Defendant.)

The defendant: Si.

Ms. Blevins: Yes.

The court: and in conducting the search, after she consented, the Cullman County sheriff's office found 111 grams, approximately of a substance containing methamphetamine?

(Ms. Blevins interprets for the Defendant.)

The defendant: Si.

Ms. Blevins: Yes.

**The court: Was that your methamphetamine or you knew it was there and you were in constructive possession thereof?**

**(Ms. Blevins interprets for the Defendant.)**

**The defendant: Si.**

9

1 **Ms. Blevins: Yes.**

(Exhibit D, pp 91-93)

Therefore, the simple fact that Mr. Macedo had a Alabama conviction for an offense that was labeled "Trafficking" of a controlled substance was not enough, under Taylor v. United States, 495 U.S. 575 (1990), to show that Mr. Macedo de la Cruz had engaged in actions which constituted a drug trafficking aggravated felony under federal law. Rather, per Taylor, the court must apply a modified categorical analysis to determine whether "the full range of conduct encompassed by the [state] statute constituted an aggravated felony." United States v. Lomas, 30 F.3d 1191, 1193 (9th Cir. 1994).

A similar case arose out of Texas where the alien pled guilty to possession of more than 50 pounds but less than 200 pounds of marijuana, and he was found deportable for having a drug trafficking aggravated felony. However, the Fifth Circuit reversed finding that the offense was simple possession and since simple possession does not involve commerce it is not punishable as a federal felony and therefore not an aggravated felony. Arce-Vences v. Mukasey, _ F.3d _, No. 06-60033 (5th Cir. December 21, 2007). Moreover, the Ninth Circuit has repeatedly held not only that mere possession is not an aggravated felony, but that California statutes that do not necessarily include trafficking under the federal definition are not categorically aggravated felonies. United States v. Rivera-Sanchez, 247 F.3d 905 (9th Cir. 2001) (en banc), See also, Casarez-Gutierrez v. Ashcroft, 382 F.3d 905, 918 (9th Cir. 2004), United States v. Rivera-Sanchez, 247 F.3d 905, 908 (9th Cir. 2001); see also United States v. Sandoval-Barajas, 206 F.3d 853, 855-56 (9th Cir. 2000); United States v. Lomas, 30 F.3d 1191. Of course, the Supreme Court has also recently ruled that simple possession is not

an aggravated felony. Lopez v. Gonzales 127 S.Ct. 625, 166 L.Ed.2d 462 (2006).

In any event, here, the actual plea itself shows that the factual basis for the plea was to constructive possession, and therefore the defendant was pleading to that portion of the statute the proscribes mere possession. Mr. Macedo de la Cruz was simply not deportable as charged and the government erred when it found and advised him to be so. This means that the whole expedited removal procedure was illegal *ab initio*.

**C.     The Errors Excuse Mr. Macedo de la Cruz from the Exhaustion Requirement.**

The exhaustion requirement of section 1326(d)(1) "cannot bar collateral review of a deportation proceeding when the waiver of right to an administrative appeal did not comport with due process." Ubaldo-Figueroa, 364 F.3d at 1048 (quoting United States v. Muro-Inclan, 249 F.3d 1180, 1183-84 (9th Cir.2001), cert. denied., 534 U.S. 879 (2001)). A waiver does not comport with due process if it is not "considered and intelligent." Id.

When the record in a deportation proceeding contains an inference that a petitioner is eligible for relief from deportation, the Ninth Circuit requires the Immigration Judge to "advise the alien of this possibility and give him the opportunity to develop the issue." United States v. Arrieta, 224 F.3d 1076, (quoting Moran-Enriquez v. INS, 884 F.2d 420, 422-23 (9th Cir.1989), and citing 8 C.F.R. § 242.17(a)); Bui v. INS, 76 F.3d 268, 270 (9th Cir. 1996); 8 C.F.R. § 242.17(a). Specifically, "[t]he immigration judge shall inform the respondent of his or her apparent eligibility to apply for any of the benefits enumerated in this paragraph and shall afford the respondent an opportunity to make application therefor during the hearing." 8 C.F.R. § 242.17(a). The notice provision of this regulation is mandatory. Arrieta at 1079; Bui at 271; Moran-Enriquez, 884 F.2d at 422.

Most importantly, under Ninth Circuit precedent, if the IJ advises the alien he is <u>not</u> eligible for relief when, in fact, he <u>is</u> eligible for relief, the alien's waiver of his right to appeal is categorically not "considered and intelligent," and thus did not comport with due process. See <u>Pallares-Gallan</u>, 359 F.3d at 1096 (alien's waiver of right to appeal was not considered and intelligent because IJ erroneously advised him he was ineligible for discretionary relief); <u>United States v. Leon-Paz</u>, 340 F.3d 1003, 1007 (9th Cir. 2003) (same). Under the same logic, if an immigration agent advises an alien he <u>is</u> deportable when, in fact, he is <u>not</u>, the alien's waiver of his right to appeal is also not considered and intelligent. Because the immigration agent erroneously determined that Mr. Macedo de la Cruz had an aggravated felony and thus advised Mr. Macedo de la Cruz, any waiver of his right to appeal could not be considered and intelligent. Moreover, there is no evidence Mr. Macedo-De la Cruz was even fully advised of his rights in Spanish. Therefore, Mr. Macedo de la Cruz is excused from any exhaustion requirement.

"Effective deprivation of an alien's administrative appeal serves to deprive him of the opportunity for judicial review as well." <u>Pallares-Galan</u>, 359 F.3d at 1096 (citing <u>United States v. Mendoza-Lopez</u>, 481 U.S. 828, 840 (1987) ("Because the waivers of their rights to appeal were not considered or intelligent, respondents were deprived of judicial review of their deportation proceeding.")). The agent's erroneous determination that Mr. Macedo de la Cruz was deportable as an aggravated felon caused any waiver of appeal rights to be inconsistent with due process. As well, there is no evidence that the defendant was even advised of his rights in Spanish. Moreover, the immigration agent wholly failed to inform Mr. Macedo-De la Cruz that he was eligible for fast track voluntary departure under 8 U.S.C.

12

section 1229(c)(a). This due process violation also deprived him of meaningful judicial review. See id.; Leon-Paz, 340 F.3d at 1005.

**D.    Mr. Macedo de la Cruz was Prejudiced by the Defects in the Deportation Proceeding because when an alien is deported on an invalid ground, there is prejudice.**

An alien is prejudiced by defects in a deportation proceeding if he had a "plausible" ground for relief from deportation. United States v. Ubaldo-Figueroa, 364 F.3d 1042, 1050 (9th Cir. 2004). However, having a plausible ground for relief is not the only way a person can show that he was prejudiced by defects in a deportation proceeding. A non-deportable alien clearly suffers prejudice when he is removed. See United States v. Camacho-Lopez, 450 F.3d 928, 930 (9th Cir. 2006). In Camacho-Lopez, a lawful permanent resident was served with a Notice to Appear charging him with having a state conviction qualifying as an aggravated felony. Id. at 929. He was found to be deportable and removed. Id. In a later § 1326 prosecution, Camacho collaterally attacked his deportation. The Ninth Circuit found that Camacho's state conviction was not an aggravated felony at all, and thus not a deportable offense. Id. at 930. The court held that IJ's error prejudiced Camacho:

> Camacho's Notice to Appear charged him as removable only for having committed an aggravated felony; as discussed above, Camacho's prior conviction did not fit that definition. Thus, Camacho was removed when he should not have been and clearly suffered prejudice.

Id. (emphasis added).

Any litigant is prejudiced whenever there is a reasonable probability that, but for some error or misconduct, the result of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 694 (1984) (defendant is prejudiced by ineffective assistance

13

of counsel when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). See also, e.g., United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004) (defendant is prejudiced by Rule 11 error if there is "a reasonable probability that, but for the error, he would not have entered the plea."); Morris v. Mathews, 475 U.S. 237, 446-47 (1986) (defendant is prejudiced when a jeopardy-barred conviction is reduced to a non-jeopardy-barred lesser included offense but there is "a reasonable probability that he would not have been convicted of the nonjeopardy-barred offense"); United States v. Bagley, 473 U.S. 667, 682 (1985) (defendant is prejudiced by non-disclosure of Brady evidence when "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.");; Martel v. County of Los Angeles, 56 F.3d 993 (9th Cir. 1995) (defendant is prejudiced by denial of continuance when there is "a reasonable probability that the outcome would have been different had the continuance been allowed."). A "reasonable probability" is one sufficient to undermine confidence in the outcome. Bagley at 682; Strickland at 694.

Certainly, having a plausible claim for relief is one way to show a reasonable probability that the outcome would have been different. In most 1326(d) collateral attacks, the alien conceded at the deportation hearing that the charge of deportability in the OSC was valid, and later claims only that the IJ should have advised him of the possibility of discretionary relief from deportation. However, an alien is just as prejudiced – and more so – if, but for the agents's error, he would not have been found to be deportable at all, much less subject to the expedited administrative removal proceedings where the alien is not even

14

presented before a judge.

The holding in Camacho-Lopez was recently followed by a District Court in the Eastern District of Washington under almost identical facts to those presented here. United States v. Garcia -Espana, 2007 U.S. Dist. LEXIS 15696 (E.D. Wash, Mar. 6, 2007). There, the court was faced with a 1326 prosecution in which the defendant had been subject to an expedited removal based on a conviction for vehicular homicide that the INS mistakenly believed was an aggravated felony. The Court held:

> Here, the defects in the underlying deportation proceeding invalidated the deportation order, and Defendant could not have knowingly and voluntarily waived his right to appeal. Defendant was erroneously advised that he was deportable under section 237(a)(2)(A)(iii) because he was convicted of an aggravated felony. This erroneous advice excused Defendant from the exhaustion requirement, and deprived Defendant of a meaningful opportunity for judicial review. Because the NOI charged him as removable only for having committed an aggravated felony, Defendant suffered prejudice because he should not have been removed under 8 U.S.C. § 1228(b). Under *Camacho-Lopez*, the proper course of action is to dismiss the indictment.

As explained above, the immigration charging document alleged that Mr. Macedo de la Cruz had a drug trafficking conviction and this was the only ground of removal alleged, and of course the only basis to even subject him to the so-call expedited removal procedure. Another recent unpublished decision from the Ninth Circuit also followed Camacho-Lopez. United States v. Cervantes-Gonzalez, 2007 U.S. App. LEXIS 15672 (9th Cir. June 28, 2007) [holding that 1326 indictment should be dismissed because "Since Cervantes-Gonzales's "notice to Appear charged him as removable *only* for having committed and aggravated felony...[and Cervantes-Gonzales's] prior conviction did not fit that definition," he "was

15

removed when he should have been and clearly suffered prejudice.'" quoting Camacho-Lopez, 450 F.3d at 930.   Here, of course, Mr. Macedo de la Cruz did not have a conviction for drug trafficking, and it was a clear due process violation for the immigration service to find him deportable on the basis of such a charge.

As well, Mr. Macedo-De la Cruz was clearly eligible for fast track voluntary departure, but was not advised of this relief even though he had a good basis to obtain this relief, considering both of his parents were lawful permanent residents. In a recent unpublished decision, the Ninth Circuit dismissed a 1326 case where the defendant had been subject to expedited removal but had not been advised that he could have applied for fast track voluntary departure. United States v. Nungary-Rubalcaba, 2007 U.S. App. LEXIS 8537 (9th Cir. 2007)[even though defendant had two convictions for drug possession, "Here, Nungary-Rubalcaba had a plausible claim for relief: pre-hearing voluntary departure under 8 U.S.C. section 1229c(a)."]. See also, United States v. Meza-Corrales, 2006 U.S. Dist. LEXIS 11199 (E.D. Wash. March 1, 2006)[holding that where defendant was improperly determined to be an aggravated felon by an immigration judge, and not advised of eligibility for voluntary departure, 1326 indictment was dismissed because "Had defendant been advised of such eligibility, it is plausible he would have taken advantage of the opportunity to voluntarily depart and not been involuntarily removed."]   Therefore, Mr. Macedo de la Cruz was prejudiced by the due process violation on this basis as well.

## IV.

## **CONCLUSION**

For the foregoing reasons, it is respectfully requested that the court grant the above motion.

Respectfully submitted,

/s/ Robert L. Swain
Dated: February 15, 2008          **ROBERT L. SWAIN**
Attorney for Defendant **Macedo de la Cruz**